# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE HENRY TREFZGER,<br><br>     Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>     Defendant. | CASE NO. 07cv1935 BTM(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

In this case, Plaintiff seeks judicial review of Defendant's denial of his application for disability insurance benefits. The parties have filed cross-motions for summary judgment. For the reasons discussed below, Plaintiff's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's cross-motion for summary judgment is **DENIED**.

## I. BACKGROUND

Plaintiff was born on July 28, 1954. (Tr. 63.) Prior to May 2, 1999, Plaintiff worked as a corrections officer in the juvenile division of the San Diego County probation department. (Tr. 435.) Plaintiff stopped working due to bilateral joint degeneration in his knees. He underwent surgery on the right knee in August of 1998 and on the left knee in mid-2001. (Tr. 444.) In 2003 or 2004, Plaintiff also began experiencing numbness in his hands as a result of his diabetes. (Tr. 442.)

Plaintiff was insured for purposes of disability insurance benefits through December 31, 2003. (Tr. 63.) On May 10, 2004, Plaintiff filed an application for disability insurance benefits, alleging a December 2, 1999 onset date, which was denied. (Tr. 60-62.) On

August 5, 2005, Plaintiff filed another application for disability insurance benefits, alleging a May 2, 1999 onset date. (Tr. 14.) The Commissioner denied Plaintiff's application initially and on reconsideration. (Tr. 45-46.) Plaintiff requested a hearing and, on February 22, 2007, testified before an administrative law judge (ALJ). (Tr. 432-46.)

Following the hearing, Plaintiff's counsel wrote a letter to the ALJ. (Tr. 21.) In this letter, Plaintiff's counsel stated:

> You[r] Honor has requested that we consider an amendment of the onset date in the above-noted claimant's case to 7/28/04.
>
> However, the claimant's DLI is 12/03 and thus we cannot amend to that date. It appears though, that if you were to grant two periods of disability, the first being from 5/1/99 to 6/18/02 based upon the ME's testimony that he met Listing 1.02, then the claimant's DLI would be pushed back to cover the 7/28/04 onset of the second period. We would have no objection to such a finding.

(Id.)

In a decision dated March 16, 2007, the ALJ reopened the prior denial of Plaintiff's May 2004 application for disability insurance benefits and found that Plaintiff was disabled from May 2, 1999 until June 18, 2002, and from July 27, 2004 continuing forward. (Tr. 14-20.) The ALJ also found also that Plaintiff's disability ceased during the time period from June 18, 2002 to July 27, 2004, as a result of medical improvement. (Tr. 14-19).

The Appeals Council, on its own motion, reviewed the ALJ's decision for an error of law. (Tr. 4-9, 426-32.) The Notice of Appeals Council Action explained that the Appeals Council planned to find that Plaintiff cannot be entitled to a period of disability from May 2, 1999 through June 18, 2002, because Plaintiff failed to file an application while he was disabled or within 12 months of August 2002, the month entitlement would have ended. (See Sections 216(i) and 223(c) of the Social Security Act). The Notice also explained that the Appeals Council planned to make a decision finding that Plaintiff was not entitled to a period of disability commencing July 27, 2004, because he did not meet the disability insured status requirements under the Social Security Act for this time period. The Notice informed Plaintiff that he could send the Appeals Council more evidence about the facts and the law in his case within thirty days.

Plaintiff did not provide any additional comments or evidence to the Appeals Council.

(Tr. 7.)   In a decision dated August 3, 2007, the Appeals Council found that (1) disability payments were not payable to Plaintiff for the closed period of disability from May 1, 1999 to June 18, 2002, because the period ended outside the scope of the application filed on May 10, 2004; and (2) Plaintiff did not meet the requirements for disability insured status for the time period commencing July 27, 2004.  (Tr. 7-9.)

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Commissioner's denial of benefits may be set aside if it is based on legal error or is not supported by substantial evidence. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance. Id. Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

## III. DISCUSSION

In his motion for summary judgment, Plaintiff argues that the unfavorable decision of the Appeals Council should be reversed because Plaintiff should have been found disabled for the entire period commencing May 2, 1999 and continuing forward.

It appears that the ALJ based his findings regarding Plaintiff's periods of disability in part on Plaintiff's counsel's representation that he would not object to those periods of disability and a mistaken belief that Plaintiff would be entitled to disability benefits based on those periods.  The Appeals Council held that based on the periods of disability found by the ALJ, Plaintiff was not eligible for disability insurance benefits.  Plaintiff did not argue before the Appeals Council that he has been continuously disabled since May 2, 1999.

Because both the ALJ and Plaintiff were under the mistaken impression that Plaintiff would be eligible for disability benefits based on the period of disability suggested by Plaintiff, the Court remands this matter so that the ALJ may reconsider the issue of Plaintiff's period(s)

of disability in light of the Appeals Council's decision and Plaintiff's position that he was disabled from May 2, 1999 continuing forward.  If the ALJ's decision is adverse to Plaintiff, Plaintiff may appeal the decision to the Appeals Council, which never reached the issue of whether Plaintiff was disabled during the entire time period.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's motion for summary judgment is **DENIED**.  This case is **REMANDED** to the ALJ for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

DATED: May 22, 2008

Honorable Barry Ted Moskowitz
United States District Judge